**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINTON DONALD JOHNS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2666 |
| | § | |
| CHRIS DANIEL, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF PARTIAL DISMISSAL**

Benecia Tamara Taylor-Johns[1] and state inmates Clinton Donald Johns and James Green, Jr., proceeding or requesting leave to proceed *in forma pauperis*, filed this *pro se* civil lawsuit against various Harris County employees and officials under various federal statutes.

Having initially screened this case as required by section 1915, the Court dismisses Benecia Tamara Taylor-Johns as a plaintiff in this lawsuit for lack of standing, as follows.

*Background and Claims*

In the complaint, plaintiffs state that in March of 2010, Taylor-Johns filed plaintiff Green's petition for a writ of habeas corpus with the Harris County District Clerk's Office to challenge Green's 1996 conviction and life sentence for murder. Taylor-Johns is not a licensed attorney, did not represent Green in any attorney-client capacity, and only physically filed the documents. Taylor-Johns simultaneously filed plaintiff Johns's petition for a writ

---

[1] Benecia Tamara Taylor-Johns is also known as Benecia Taylor, Benecia Tamara Taylor, Benecia Tamara Johns, and Benecia Johns.

of habeas corpus with the Harris County District Clerk's Office to challenge Johns's 1996 convictions and 40-year sentences for aggravated robbery with a deadly weapon. Again, Taylor-Johns is not a licensed attorney, did not represent Johns in any attorney-client capacity, and only physically filed the documents.

The petitions, however, were not filed on, nor did they follow, the required article 11.07 state habeas application form; to the contrary, they comprised nearly 4,000 pages of pleadings and attachments directed to the "District Court of the United States, Southern District of Texas, Harris County Division," purportedly filed "Within the Admiralty 28 U.S.C. 1333 & 28 U.S.C. 2461, 2463." No such court of state or federal jurisdiction exists. Employees of the Harris County District Clerk's Office initially questioned whether the documents were for the state courts or the federal courts, as the documents were confusing and unclear. Taylor-Johns asserts that she told the employees to forward the documents to the respective state trial courts.

Plaintiffs claim that Harris County District Clerk's Office employees subsequently could not find the original filings, even though Taylor-Johns met with employees to show them her copies of the documents. Plaintiffs state that the employees told her that habeas petitions needed to be filed on article 11.07 forms. Opting not to re-file the missing documents or submit article 11.07 habeas petitions, plaintiffs commenced three years of complaints to numerous officials, including unsuccessful requests for hearings before the Harris County Commissioner's Court, culminating in the filing of this federal lawsuit in

September 2013. Completely contrary to these lawsuit allegations, however, plaintiffs' exhibits acknowledge that the trial courts *did* receive the habeas petitions. (Docket Entry No. 1, Exhibit 1-17: "The judges for our individual courts received the petition(s) and refused to follow the common order of law in processing the writs by either rendering a ruling or forwarding the petitions to the [C]ourt of Criminal Appeals.").

Plaintiffs seek several million dollars in damages for the following causes of action:

a. common law fraud;

b. negligent misrepresentations;

c. breach of fiduciary duty;

d. abuse of law and legal process;

e. violations of the federal First, Eighth, and Fourteenth Amendments;

f. conspiracy; and

g. intentional infliction of emotional distress and property loss.

*Standing*

Standing jurisprudence contains two factors: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies judicially self-imposed restraints on the exercise of federal jurisdiction. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The "irreducible constitutional minimum of standing" is comprised of three requirements: (1) the plaintiff must suffer an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized and

3

(b) actual or imminent, not conjectural or hypothetical"; (2) the plaintiff's injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). See also *Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 496–497 (5th Cir. 2007) ("Constitutional standing requires that the plaintiff personally suffered some actual or threatened injury that can fairly be traced to the challenged action and is redressable by the courts."). Lack of standing deprives the district court of subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing these three requirements. *Lujan*, 504 U.S. at 560.

Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government, "[t]he goal of [which] is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). Prudential standing requirements are:

> [j]udicially created limits [that] concern whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, *and whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties*.

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 (5th Cir. 2001) (emphasis added) (quoting *Proctor & Gamble*, 232 F.3d at 560). See also *Servicios*

4

*Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc*., 702 F.3d 794, 801 (5th Cir. 2012) (noting that "prudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights'"); *Ward v. Santa Fe Indep. School Dist*., 393 F.3d 599, 606 (5th Cir. 2004) (holding that prudential limitations on standing include requirement that "a litigant must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interest of third parties.").

Here, Benecia Tamara Taylor-Johns fails to plead facts establishing her constitutional standing as a plaintiff, and pleads ample facts establishing the lack of prudential standing. Her role in the events giving rise to this lawsuit was that of physically filing the two subject lawsuits for the plaintiff inmates, an act that could have been performed by the inmate plaintiffs themselves through the prison mail system. Any injury arising from the events alleged in this lawsuit were incurred by the inmate plaintiffs, not Benecia Tamara Taylor-Johns. Benecia Tamara Taylor-Johns is not asserting her own legal rights and interests in the instant lawsuit, and may not rest her claim on an alleged violation of the rights or interests of the inmate plaintiffs or their alleged injuries.

Benecia Tamara Taylor-Johns lacks both constitutional and prudential standing as a plaintiff in this lawsuit, and she must be dismissed as a party to this case.

*Conclusion*

Benecia Tamara Taylor-Johns is DISMISSED WITH PREJUDICE as a party in this lawsuit for lack of standing. Any pending motions filed solely by Benecia Tamara Taylor-Johns are DISMISSED AS MOOT.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on November 5, 2013.

_____
Gray H. Miller
United States District Judge