# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON DONALD JOHNS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2666 |
| | § | |
| CHRIS DANIEL, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

State inmates Clinton Donald Johns and James Green, Jr., filed this *pro se* civil lawsuit against various Harris County employees and officials in their individual and official capacity under various state laws and federal statutes.  Defendants filed a motion to dismiss (Docket Entry No. 19).  Plaintiffs did not file a response.  Under the Local Rules of the Southern District of Texas and this Court, the motion to dismiss is deemed uncontested due to plaintiffs' failures to file a response within twenty-one days after the filing of the motion. LR 7.

Based on the Court's review of the pleadings, the record, the motion, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for the reasons that follow.

### Background and Claims

Plaintiffs allege in their complaint that in March of 2010, they each filed a petition for habeas corpus relief with the Harris County Clerk's Office to challenge their respective

criminal convictions.  Plaintiffs filed their petitions on the same day using the same private messenger to hand file the petitions.

The petitions, however, were not filed on the required section 11.07 state habeas application form; to the contrary, they comprised nearly 4,000 pages of pleadings and attachments directed to the "District Court of the United States, Southern District of Texas, Harris County Division," purportedly filed "Within the Admiralty 28 U.S.C. 1333 & 28 U.S.C. 2461, 2463."  No such court of state or federal jurisdiction exists.  Employees of the Harris County Clerk's Office initially questioned whether the documents were for the state courts or the federal courts, as the documents were confusing and unclear.  The messenger told the employees to forward the documents to the respective state trial courts.

Plaintiffs claim that Harris County Clerk's Office employees subsequently could not find the original filings, even though the messenger met with the employees to show them copies of the documents.  Plaintiffs state that the employees told the messenger that habeas petitions needed to be filed on section 11.07 forms.  Electing not to re-file the purportedly missing documents or pursue section 11.07 habeas petitions, plaintiffs commenced three years of complaints to numerous officials, including unsuccessful requests for hearings before the Harris County Commissioner's Court, culminating in the filing of this federal lawsuit in September 2013.  However, completely contrary to their own allegations that the defendants "lost" the lawsuits, plaintiffs' exhibits acknowledge that the trial courts *did* receive the petitions.  (Docket Entry No. 1, Exhibit 1-17: "The judges for our individual

courts received the petition(s) and refused to follow the common order of law in processing the writs by either rendering a ruling or forwarding the petitions to the [C]ourt of Criminal Appeals.").   Plaintiffs seek several million dollars in damages for the following causes of action:

     a.     common law fraud;

     b.     negligent misrepresentations;

     c.     breach of fiduciary duty;

     d.     abuse of law and legal process;

     e.     violations of the federal First, Eighth, and Fourteenth Amendments;

     f.     conspiracy; and

     g.     intentional infliction of emotional distress and property loss.

Plaintiffs name as defendants in this case the following individuals:  Harris County District Clerk Chris Daniel, former Harris County District Clerk Loren Jackson, Deputy District Clerk Brenda McNeil, Harris County Judge Ed Emmett, former Harris County Commissioner Jerry Eversole, Harris County Commissioner El Franco Lee, former Harris County Commissioner Sylvia Garcia, and Harris County Commissioner Steve Radack.  These defendants jointly filed the pending motion to dismiss.  Plaintiffs have not responded to the motion.

*Rule 12(b)(6)*

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion to dismiss, the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a complaint does not need detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 556.

*Analysis*

Plaintiffs fail to expressly plead the factual basis for federal jurisdiction in their case.  Rather, they allege that Harris County is the proper jurisdiction for this lawsuit in that the subject real property is located in Harris County.  This allegation is of no consequence, as the claims in this case do not involve real property.

There is no diversity of citizenship in this lawsuit, nor is this an action against a foreign state.  28 U.S.C. §§ 1332, 1330.  Thus, plaintiffs are apparently relying on federal

4

question jurisdiction.   Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a properly-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

The majority of plaintiffs' claims in the instant lawsuit arise under state law, which cannot provide a basis for original jurisdiction in this case.  In their pleadings, plaintiffs cite the following federal statutes or laws:

   a.   Victims of Trafficking and Violence Protection Act of 2000 ("TVPA") for abuse of law and threatened abuse of law or legal process, 18 U.S.C. §§ 1589(a), (c); § 1595;

   b.   U.S. Constitution, Amendments 1, 8, and 14, for denials of access to courts, substantive and procedural due process, fundamental fairness and fair dealing, and equal protection; cruel and unusual punishment; retaliation; discrimination;

   c.   criminal conspiracy under 18 U.S.C. §§ 1594(a), (b);

   d.   Foreign Sovereign Immunities Act for intentional infliction of emotional distress and property damage or loss, 28 U.S.C. §§ 1330, 1602–1611; and

5

e.      Postal Service Mail Fraud for scheme or artifice to defraud, 18 U.S.C. § 1341.

The Victims of Trafficking and Violence Protection Act, 18 U.S.C. §§ 1589(a) and (c), prohibits forced labor obtained by any of multiple possible means. Civil liability is allowed against individuals who violate the TVPA. 18 U.S.C. § 1595. The TVPA was enacted as "an Act to combat trafficking of persons, especially into the sex trade, slavery, and slavery-like conditions, in the United States and countries around the world through prevention, through prosecution and enforcement against traffickers, and through protection and assistance to victims of trafficking." H.R. Conf. Rep. 106–939, at 1 (2000). The purpose of the act was to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *Id*. at 3. Many of the victims "are trafficked into the international sex trade, often by force, fraud, or coercion." *Id*. But "trafficking also involves violations of other laws, including labor and immigration codes and laws against kidnaping, slavery, false imprisonment, assault, battery, pandering, fraud, and extortion." *Id*. at 4.

Plaintiffs here do not set forth facts giving rise to civil liability under the TVPA, as they do not show that any named defendant obtained labor or services of one or more of the plaintiffs herein. Plaintiffs cannot rely on the TVPA for establishing subject matter jurisdiction in this case. Nor may plaintiffs rely on the criminal conspiracy provisions of 18 U.S.C. §§ 1594(a) and (b) to establish subject matter jurisdiction. Those provisions

6

specifically involve conspiracies to violate the TVPA.  Because plaintiffs  do not set forth

facts giving rise to civil liability under the TVPA, it follows that they have not set forth facts

giving rise to a criminal conspiracy to violate the TVPA.

Further, there is no factual basis for plaintiffs' reliance on the Foreign Sovereign

Immunities Act, 28 U.S.C. §§ 1330 and 1602–1611, as no "foreign state" or "agency or

instrumentality of a foreign state" is involved in this lawsuit.  Plaintiffs cannot rely on the

Foreign Sovereign Immunities Act for establishing subject matter jurisdiction in this case.

Moreover, plaintiffs raise no private cause of action under 18 U.S.C. § 1341 for their

assertion that defendants committed postal service mail fraud via a scheme or artifice to

defraud them.  Plaintiffs allege no facts giving rise to a plausible cause of action under this

statute, nor do they show that they are entitled to pursue civil liability against the defendants

for violation of this criminal statute.  Accordingly, plaintiffs cannot rely on 18 U.S.C. § 1341

for establishing subject matter jurisdiction in this case.

Plaintiffs lastly assert against defendants claims for violations of their federal

constitutional rights under the First, Eighth, and Fourteenth Amendments.  In so doing,

plaintiffs impliedly request relief under 42 U.S.C. § 1983.  Section 1983 generally creates

an action for damages against individuals and local governmental bodies who deprive a

plaintiff of "rights, privileges or immunities secured by the Constitution and laws."  42

U.S.C. § 1983.  Section 1983 does not create substantive rights rather, it "provides a remedy

for the rights that it designates."  *Johnson v. Harris County Flood Control Dist.*, 869 F.2d

1565, 1573 (5th Cir. 1989).  To establish a cause of action under section 1983, a plaintiff

must plead (1) the deprivation of a right, secured by the Constitution or laws of the United

States (2) by a person acting under color of state law.  *Robertson v. Plano City of Texas*, 70

F.3d 21, 23 (5th Cir. 1995).

Plaintiffs do not plead facts giving rise to a plausible violation of their First, Eighth,

or Fourteenth Amendment rights.  Plaintiffs were informed that their habeas petitions were

required to be submitted in proper format; they chose not to follow the required format.  The

courts did not lose their petitions; rather, the trial judges refused to take any action on the

4,000 page pleadings.  Regardless, public state court records show that plaintiff Green filed

an unsuccessful state habeas petition in 2000, and that the purported state habeas petition in

the instant case would be subject to dismissal as an abuse of the writ.

Plaintiffs' allegations do not set forth a viable claim under section 1983 for which

relief can be granted, and defendants are entitled to dismissal of plaintiffs' claims under Rule

12(b)(6).  *See Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 278.[1]

Plaintiffs' claims against defendant Harris County Judge Ed Emmett are barred by

judicial immunity, which is an absolute immunity. A judge's immunity is overcome only for

---

[1]Regardless, plaintiffs' claims for monetary damages against defendants in their official
capacity would be barred by Eleventh Amendment immunity.  *See Hafer v. Melo*, 502 U.S. 21,
25 (1991 ); *see also Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009).  Further,
defendants raise the affirmative defense of qualified immunity as to plaintiffs' individual liability
claims against them, and plaintiffs fail to meet their burden of proof to rebut the defense.  *See
Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)    ("When a defendant
invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of
the defense.").

actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction. *See Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994). Plaintiffs allege no actions by Emmett that were non-judicial in nature or were taken in complete absence of jurisdiction, and their claims against him must be dismissed.

### *State Law Claims*

A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). When a district court exercises its discretion and dismisses the state law claims, it must do so without prejudice so that the plaintiff may refile in the appropriate state court. *Bass v. Parkwood Hosp*., 180 F.3d 234, 246 (5th Cir. 1999). For these reasons, plaintiffs' state law claims will be dismissed without prejudice.

### *Conclusion*

Defendants' motion to dismiss (Docket Entry No. 19) is GRANTED. Plaintiffs' federal law claims are DISMISSED WITH PREJUDICE for failure to state a viable federal claim. Plaintiffs' state law claims are DISMISSED WITHOUT PREJUDICE. Any pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of section 1915(g) as to each of the plaintiffs.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas on May 12, 2014.

Gray H. Miller
United States District Judge